UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

THOMAS ARTHUR SARNOWSKI II and
MEGAN SARNOWSKI,

Plaintiffs,                                                     Hon.

v.                                                              Case No.

CITY OF WYANDOTTE,
ELIZABETH DISANTO, BRIAN ZALEWSKI,
DEVIN GEIGER, JOSEPH CARR, AND
CHARLES GILLENWATER,

Defendants.

_____

## **COMPLAINT AND JURY DEMAND**

Plaintiffs Thomas Arthur Sarnowski II and Megan Sarnowski state the following for

their Complaint against Defendants:

## **OVERVIEW OF THE CASE**

1.     The City of Wyandotte operates the Wyandotte Police Department and

the Downriver Central Animal Control Agency (DCAC) as a member by adoption

of an interlocal agreement.

2.     The Wyandotte Police Department and the DCAC seized Plaintiffs'

property through an improper and illegal subpoena presented by the Wyandotte

Police Department and signed at the time by Defendant Magistrate Elizabeth Disanto of the 27th District Court. Exhibit A.

3.     At the time the first subpoena was submitted for signature, Defendant Devin Geiger (Geiger) utilized a police report number in the guise of a court case number that would have been generated by the court after filing a Complaint.

4.     There was no pending civil and/or criminal case at the time the subpoena was presented and signed by Disanto, therefore there was no case from which any subpoena could properly issue.

5.     The Wyandotte Police Department and the DCAC utilized this first fake subpoena to confiscate Plaintiffs' property in violation of Michigan law.

6.     Additionally, because the first fake subpoena (Exhibit A) did not arise from a pending case, there was no time for compliance with the subpoena nor time to object to the subpoena as well as other procedural and substantive safeguards required under applicable law.

7.     Plaintiffs had hired legal counsel in attempts to rectify the illegal seizure by way of the fake subpoena.

8.     The Clerk to the 27th  District Court admitted through staff and directly, on at least six different occasions, that no civil matter was pending against Plaintiffs.

9.     The District Court refused to allow any filings related to the "subpoena" (Exhibit A) including, but not limited to, motions challenging the subpoena, motions challenging subject matter jurisdiction or otherwise.

10.     The Clerk to the 27th District Court admitted that Wyandotte police officers routinely utilize police report numbers versus filed case numbers to seize property, records, etc., and that such fake subpoenas are issued all the time without pending matters.

11.     Again, based upon the fake subpoena (Exhibit A), the Wyandotte Police Department and the DCAC seized two dogs (the "Dogs") belonging to Plaintiffs.

12.     The Michigan legislature has specifically outlined methods to seize dogs within the State, none of which was followed. MCL 287.322(2).

13.     The Wyandotte ordinances were not followed. Code of Ordinances, City of Wyandotte, Michigan, Section 4.

14.     On June 22, 2018, Defendant Devin Geiger drafted another fake document, that being SCAO form Complaint and Summons regarding Dangerous Animal.  (Exhibit B.)  Upon information and belief, the Complaint and Summons was never filed with the district court and a case number was never designated.

15.     Geiger again utilized the Wyandotte Police Report number without filing a case.

16.     Judge James Kandrevas sitting in for Judge Randy Kalmbach signed and issued the Summons, being a part of the Complaint and Summons.  (Exhibit B.)

17.     The Summons illegally directed the Plaintiffs to turn the animals over to the Wyandotte Police, which violated M.C.L. 287.322, as well as the City of Wyandotte ordinances.

18.     Defendant Geiger then on June 26, 2018 prepared another fake subpoena utilizing the police report number that was signed by Judge Randy Kalmbach. (Exhibit C.)

19.     That subpoena was never served upon Plaintiffs, but sent to their veterinary to illegally obtain confidential records.

20.     The Defendants' conduct violated the Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek, *inter alia*, monetary damages for violations under 42 U.S.C. § 1983, *et seq*., declaratory and injunctive relief that Defendants' actions and procedures are violative of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution justifying an order prohibiting such future similar conduct, and monetary damages under state law conversion theory.

## PARTIES, JURISDICTION AND VENUE

21.     Plaintiffs incorporate by reference all previous allegations.

4

22.     Plaintiff Thomas Arthur Sarnowski, II, is an individual person who resides in Wayne County, Michigan.

23.     Plaintiff Megan Sarnowski is an individual person who resides in Wayne County, Michigan.

24.     Defendant City of Wyandotte (the "City") is a municipal subdivision of the State of Michigan, which is located in Wayne County, Michigan. The Wyandotte Police Department and Downriver Central Animal Control Agency (DCAC) are, on information and belief, department(s) and/or agencies of the City. The DCAC, upon information and belief, and as espoused on the City of Wyandotte's website is "a division of the Wyandotte and Southgate Police Department."

25.     Defendant Brian Zalewski (Zalewski) is an individual. Zalewski is the chief of the Wyandotte Police Department and is employed by the City, and/or the Police Department.

26.     Defendant Devin Geiger (Geiger) is an individual. Geiger is a detective of the Wyandotte Police Department and is employed by the City, and/or the Police Department.

27.     Defendant Joseph Carr (Carr) is an individual. Carr is a detective of the Wyandotte Police Department and is employed by the City, and/or the Police Department.

28.     Defendant Charles Gillenwater (Gillenwater) is an individual. Gillenwater, and upon information and belief, is an officer of the Wyandotte Police Department and is employed by Defendant City of Wyandotte, and/or Wyandotte Police Department, and/or DCAC.

29.     Defendant Elizabeth Disanto (Disanto) is an individual employed as formerly a Magistrate and now a Judge in the 27th District Court.

30.     The Plaintiffs seek relief in this case under 42 U.S.C. § 1983, *et seq*.

31.     Plaintiffs' other claims in this action, which do not arise under federal statutes, are so related to the federal statutory claims that they form the same case or controversy.

32.     Upon information and belief, Defendants reside within this judicial district and a substantial part of the acts and omissions giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

33.     Plaintiffs incorporate all previous allegations herein by reference.

34.     Geiger submitted on, or about June 1, 2018, the attached subpoena to then Magistrate Disanto in the 27th District Court. (Exhibit A.)

35.     Magistrate Disanto signed same. (Exhibit A.).

36.     Under Michigan law as will be further discussed herein, neither a warrant nor a subpoena is sufficient to confiscate a dog under the dangerous animal statute.

37.     The fake subpoena is illegal as it does not comport with Michigan law because it was not issued through a pending case.

38.     Geiger submitted on, or about, June 22, 2018 a fake Complaint and Summons Regarding Dangerous Animal, failing to file same, to swear to the truth of the allegations as required as it must be sworn, and based upon a police report number, which illegally directed the dogs to be turned over to DCAC after they were already illegally seized. (Exhibit B.)

39.     Geiger submitted on, or about, June 26, 2018 a subpoena based upon a police report number, again not a filed case, illegally requesting and obtaining confidential medical records regarding Plaintiffs' dogs. (Exhibit C.).

40.     The fake second subpoena seeking medical reocrds was never served upon Plaintiffs.

41.     MCL 600.1455 allows courts to issue subpoenas "in accordance with the court rules."

42.     MCR 2.506 is the predominant court rule regulating the issuance of subpoenas.

43.    MCR 2.506(A)(1) clearly outlines that the subpoena can only be issued "in which a matter is pending."

44.    MCR 2.506(A)(5) specifically states: "A subpoena may be issued only in accordance with this rule or MCR 2.305, 2.621(C), 9.112(D), 9.115(I)(1), or 9.212."

45.    For ease, the latter four court rules can easily be eliminated as MCR 2.621(C) applies to Proceedings Supplementary to Judgments; MCR 9.112, MCR 9.115 and MCR 9.212 apply to attorney disciplinary proceedings.

46.    M.C.R. 2.506 also requires:

    a.    That the subpoena command appearance with or without production on a date and time specified. MCR 2.506(A)(1). This was not complied with.

    b.    The subpoena requires time for compliance. It requires at least two days prior and that is for a trial date. MCR 2.506(C)(1). This was not complied with.

    c.    The subpoena is required to state the court in which the matter is pending, which is the 27th Judicial District, but no matter was admittedly pending. MCR 2.506(D)(2) and (D)(3). The court "Case No." was falsified with a police report number.

d.      "[S]tate the place where the trial or hearing is scheduled." MCR 2.506(D)(4).   The "place" was falsified as there was no court case, thus necessarily no trial or hearing could properly take place.

e.      "[S]tate the file designation assigned by the court." 2.506(D)(6). The court "Case No." was falsified with a police report number.

47.     These procedural due process safeguards built into the Michigan Court Rules were not complied with because there was no matter pending.

48.     MCR 2.305, Subpoena for Taking Deposition, allows for a subpoena to be issued but as a part of discovery. MCR 2.301.

49.     MCR 2.302 only allows discovery  "after the commencement of the action."

50.     MCR 2.305 specifically states that "subpoenas shall not be issued except in compliance with MCR 2.306(A)(1).

51.     MCR 2.306(A)(1) requires that the discovery be "after commencement of the action."

52.     District courts don't provide discovery as a matter of right; it is by request.

53.     MCR 2.305 requires the Notice be served prior to serving a subpoena. MCR 2.305(A)(1). MCR 2.305 provides "[a]fter serving the notice...a party may

have a subpoena issued in the manner provided by MCR 2.506....” 2.305(A)(4) provides for objections but during the time for compliance of the subpoena.

54. No such time frame was given. MCR 2.305(B)(1) requires 14 days for production.

55. The June 1, 2018 subpoena did not comply with Michigan law nor Federal law in whole or in part.

56. Utilizing the fake subpoena, Defendants Carr and Gillenwater went to Plaintiffs' home in Wyandotte on June 1, 2018 and seized the dogs.

57. The subpoena was presented and the dogs were demanded to be turned over. Plaintiffs not knowing that the subpoena was illegal complied with same.

58. Plaintiffs' demanded their dogs back to no avail. On June 18, 2018, letters were hand delivered to Officer Brian Zalewski (Zalewski), Geiger, and DCAC informing them of the illegal subpoena, illegal seizure, and demand for the dogs, to no avail.

59. One or more Defendants, individually and/or collectively, represented that obtaining a subpoena without a court case and utilizing a police report number is sufficient. It was further represented that this is standard practice and procedure and has happened prior to the instant matter.

60. Plaintiffs, through legal counsel Celeste Dunn, attempted to be heard in front of the 27th District Court Judge to have the dogs released and inform the Judge

of the void June 1, 2018 subpoena, to no avail, as it was represented "no case was pending" and the request would be an *ex parte* communication.

61.     In an act of intimidation, three Wyandotte police officers came down from the police department as counsel Celeste Dunn was attempting to be heard.

62.     The June 22, 2018 Complaint and Summons violated MCL 287.322 as it requires "[u]pon the **filing** of a sworn complaint as provided in subsection (1), the court or magistrate shall order the owner to immediately turn the animal over to a proper animal control authority, an incorporated humane society, a licensed veterinarian, or a boarding kennel, **at the owner's option**...."

63.     The Wyandotte City Ordinance mimics the state statute in pertinent part. There was no filing nor options for holding presented at any pertinent time.

64.     These options were not provided in violation of state statute as well as the Fourth Amendment to the U.S. Constitution.

65.     The June 22, 2018 Complaint and Summons set a hearing date for July 12, 2018 at 9:30 a.m., yet again, there was no case to allow for a hearing.

66.     Plaintiffs' counsel attempted to file another motion relative to same on Thursday July 5, 2018, however the 27th District Court Clerk's office stated that no case existed for this hearing nor was a hearing scheduled for that date and they would accept no filings, motions or other pleadings, etc.

67.     At that time, counsel was notified of an arraignment on another matter with a case number 18-2466 that was scheduled at the same date and time.

68.     In addition to the Complaint and Summons not being filed, in order for the court to obtain jurisdiction, it must be sworn. MCL 287.322(1) "Upon a sworn complaint...."

69.     The SCAO form utilized in this matter properly has the notarization, the "subscribed and sworn" verbiage, yet nothing was completed; there is no indication it was sworn as is required.

70.     The Complaint and Summons were not properly served; they were posted on the Sarnowski front door versus being personally served pursuant to MCR 2.105(A).  There was no personal jurisdiction obtained; there was no subject matter jurisdiction.

71.     The 27th District Court had no subject matter jurisdiction over the matter. If a court takes action when it lacks subject matter jurisdiction, any and all action that is taken is **void**. *Derderian v. Genesys Health Care Sys*, 263 Mich. App. 364, 375, 689 N.W.2d 145 (2004) (emphasis added).

72.     At the alleged July 12, 2018 hearing date the 27th District Court informed counsel that there was no pending case or case number and the show cause hearing was not scheduled nor up for that date.

73.    The 27th District Court judge refused to release the dogs despite it having no jurisdiction and instead set the matter for a criminal pre-trial conference on July 19, 2018.

74.    Defendants' illegal seizure caused Plaintiffs' irreparable injury and to suffer damages.

75.    Plaintiff Megan Sarnowski was pregnant and this had caused her much emotional distress, physical distress and other damages. The welfare of the dogs was at issue.

76.    Dog Zoe died as a direct result of an infection acquired at the animal shelter that Defendants dictated the dogs be placed with no legal authority for same.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983**
**AND FOURTH AMENDMENT**

77.    Plaintiff re-alleges all prior allegations.

78.    The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably searching or seizing a citizen's property.  "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

79.    "[T]here is a constitutional right under the Fourth Amendment to not have one's dog unreasonably seized."  *Brown v. Battle Creek Police Department,*

844 F.3d 556, 566 (6th Cir. 2016).  It is settled law, negating any qualified immunity, that the owners of dogs, even unlicensed ones, are entitled to constitutional and fourth amendment protections as they retain a property interest in the dogs. *Smith v Detroit*, *et al*, 751 Fed. Appx. 691, 696 (2018).

80.     "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure . . . in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994), overruled on other grounds, *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002) (citation omitted).

81.     "The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983.  *Id.*

82.     Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005).

83.     The emotional attachment to a family's dog is not comparable to a possessory interest in furniture.  *Id*.

84.     Plaintiff's Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiff thinks of his dogs "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

85.     Defendants' acts, including but not limited to, obtaining of the illegal subpoena, failing to file a sworn Complaint, and illegally seizing Plaintiffs' two dogs were objectively unreasonable.

86.     Defendants' actions have resulted in the death of Plaintiffs' dog Zoe.

87.     Indeed, Defendants' acts described herein both individually and collectively were and are intentional, grossly negligent, and/or amount to reckless or callous indifference to Plaintiffs' constitutional rights.

88.     Defendants' actions are unreasonable under the totality of the circumstances and therefore constitute an unreasonable search and seizure under the Fourth Amendment.  The Fourth Amendment violations continue to this day.

89.     No governmental interest justifies the intrusion and deprivation of Plaintiff's dogs involved in this case.

90.     The right to possess a dog is clearly established. *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir. 1994).

**91.**     As a direct and proximate cause of Defendants' unlawful seizure of Plaintiffs' dogs, including the death of Zoe, Plaintiffs have suffered and continue to suffer damages, including mental pain and anguish that flow naturally from the constitutional violations.  *Moreno v. Hughes*, 2016 U.S. Dist. 5697 (E.D. Mich. Jan. 19, 2016) (holding that mental anguish and suffering damages are recoverable under

the Civil Rights Act where police officers violate the Fourth Amendment by unreasonably shooting plaintiff's dog).

## Compensatory Damages

92.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants City of Wyandotte, Zalewski, Geiger, Carr, and Gillenwater.

## Punitive Damages

93.     Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

**94.**     Plaintiffs are entitled to an award of punitive damages against Defendants Zalewski, Geiger, Carr, and Gillenwater, in order to punish them and to deter others.

## Attorney's Fees

95.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

THEREFORE, Plaintiffs request the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive

damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT II
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
### PROCEDURAL DUE PROCESS

96.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

97.     The Fourteenth Amendment provides "nor shall any state deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, sect. 1, cl. 3.

98.     To establish a procedural due process claim under 42 U.S.C. Sect. 1983, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights. See *Daily Servs., LLC v. Valentino*, 756 F.2d 893, 904 (CA6 2014).

99.     Plaintiffs had a protected property interest in their dogs. MCL 287.286a; MCL 287.321, *et seq., Brown*, *supra*., *Smith*, *supra*.

100.    Plaintiff's protected property interest in their dogs was denied due to the unlawful seizure, and death of dog Zoe.

101.   Plaintiffs property interest in their dogs was denied due to an illegal seizure by use of a fake subpoena and a fake Complaint and Summons and hence the denial of a constitutionally mandated hearing to be held at a meaningful time and a meaningful manner.  No procedural due process safeguards pursuant to MCL 287.321, *et seq*., were provided.

102.   Due to the use of the fake subpoena and fake Complaint and Summons no procedural remedy to retrieve either dog was provided.

**103.**   Therefore, Plaintiffs had a constitutionally protected interest that was denied as a direct and proximate cause of Defendants' actions of illegally seizing the dogs, killing a dog, and all without being provided an opportunity to be heard.  As a direct and proximate cause of Defendants' actions, Plaintiffs have been and continue to be damaged.

## Compensatory Damages

104.   Under 42 U.S.C. § 1983 Plaintiffs are entitled to an award of compensatory  damages against Defendants City of Wyandotte, Zalewski, Geiger, Carr, and Gillenwater.

## Punitive Damages

105.   Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

106.    Plaintiffs are entitled to an award of punitive damages against Defendants Zalewski, Geiger, Carr, and Gillenwater, in order to punish them and to deter others.

### Attorney's Fees

107.    Under 42 U.S.C. § 1988 if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

THEREFORE, Plaintiffs requests the injunctive and declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III
### *MONELL* POLICY AND CUSTOM LIABILITY AGAINST DEFENDANTS CITY OF WYANDOTTE

108.    Plaintiffs re-allege all of the preceding paragraphs.

109.    Defendants were aware of Plaintiffs' ownership interests.

110.    Defendant City of Wyandotte, including the Wyandotte Police Department and the DCAC, actions and inaction demonstrate its policy of failing to

recognize constitutionally protected property ownership rights that are clearly outlined in the federal system and in the Federal Sixth Circuit Court of Appeals.

111.    Defendant City of Wyandotte, including the Wyandotte Police Department and DCAC, has a policy indicating a deliberate course of action of not providing for federal constitutionally mandated and state directed procedure for seizure of dogs, of submitting to the court fraudulent subpoenas, of failing to file sworn complaints, of failing to properly serve Plaintiffs with process, and of failing to provide post-deprivation hearings.

112.    Defendant City of Wyandotte, including the Wyandotte Police Department and DCAC, failed to train and supervise its police officers and animal control officers to provide for federal constitutionally mandated pre- and post-seizure processes as outlined under state law and mandated by the federal constitution, and by denying post-detention hearings at a meaningful time and in a meaningful manner.

113.    Upon information and belief, Defendant Zalewski, Defendant Geiger and Defendant Gillenwater and the Chief Animal Control Officer of DCAC are officials with decision-making authority and decided and/or ratified the illegal seizure, illegal detention and continued detention of Plaintiffs' dogs without any hearing pursuant to Michigan law.

114. Defendant City of Wyandotte, including the Wyandotte Police Department and DCAC, has a custom of tolerance or acquiescence in not providing for state and federal constitutionally mandated pre-seizure and post-seizure process.

115. Defendant City of Wyandotte's, including the Wyandotte Police Department and DCAC, policy and custom violates both the 4th Amendment and 14th Amendment of the U.S. Constitution.

**116.** As a direct and proximate cause of Defendant City of Wyandotte's, including the Wyandotte Police Department and DCAC, policy and custom, Plaintiffs' constitutional rights have been violated and have caused Plaintiffs to be damaged.

## Compensatory Damages

117. Under 42 U.S.C. § 1983 Plaintiffs are entitled to an award of compensatory damages against Defendant City of Wyandotte.

### Attorney's Fees

**118.** Under 42 U.S.C. § 1988 if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs request the injunctive and declaratory relief described herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for

costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

119.   Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

120.   MCL 600.1455. MCR 2.305 and MCR 2.506 regulate the proper issuance of subpoenas.

**121.**   MCL 287.322 governs the proper procedures for seizure of alleged dangerous animals.

122.   Defendants' actions, policies, and procedures, each and collectively, incorporate conduct not authorized and/or prohibited under the aforementioned statutes and court rules resulting in the issuances of fake subpoenas, fake complaints, and fake summons to illegally seize property in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

123.   Plaintiffs' two animals were illegal seized, resulting in the death of one of the animals, as a direct result of Defendants' illegal conduct.

124.   Plaintiff seeks a declaration from this Court that Defendants' actions, policies, procedures, and conduct in issuing and utilizing fake subpoenas, fake

complaints, and/or fake summons to illegally seize property are in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

125.    Plaintiff seeks preliminary and permanent injunctive relief prohibiting the continued implementation of Defendants' actions, policies and procedures in issuing and utilizing fake subpoenas, fake complaints, and/or fake summons to illegally seize property  in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiffs request the injunctive and declaratory relief described herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT V
## CONVERSION

126.    Plaintiffs repeats his prior allegations as if fully outlined herein.

127.    "Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Thoma v. Tracy Motor Sales, Inc.,* 360 Mich. 434, 438, 104 N.W.2d 360 (1960)(quoting *Nelson & Witt v. Texas Co.,* 256 Mich. 65, 70 (1931)).

128.    Defendants City of Wyandotte, Zalewski, Geiger, Carr, and Gillenwater's seizure of Plaintiff's dogs and the holding of the dogs and death of dog Zoe, is a distinct act of dominion wrongfully exerted over their dogs in denial of or inconsistent with well-established rights and process rights.

WHEREFORE, Plaintiffs request relief under applicable law or in equity, including, without limitation, a judgment and an award of statutory treble damages and all reasonable costs, interest and attorney fees.  M.C.L. § 600.2919a.

Respectfully submitted,

Celeste M. Dunn PLC

/s/ Celeste M. Dunn
P.O. Box 230
Clarkston, Michigan 48347-0230
(248) 701-3467
celestemdunnplc@gmail.com

-and-

Olson PLLC

/s/ Christopher S. Olson
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
(248) 415-6263 Facsimile
colson@olsonpllc.mygbiz.com
*Co-counsel for Plaintiffs*

May 24, 2021
Detroit, Michigan

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Celeste M. Dunn PLC

/s/ Celeste M. Dunn
P.O. Box 230
Clarkston, Michigan 48347-0230
(248) 701-3467
celestemdunnplc@gmail.com
*Co-counsel for Plaintiffs*

-and-

OLSON PLLC

/s/ Christopher S. Olson
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
(248) 415-6263 Facsimile
colson@olsonpllc.mygbiz.com
*Co-counsel for Plaintiffs*

May 24, 2021
Detroit, Michigan